C. J. Tower & Sons v. United States

No. 7770.— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Entry No. 12301. ▮▮▮▮▮▮▮▮▮

(Decided January 11, 1950)

*Barnes, Richardson & Colburn (Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General *(Samuel D. Spector,* special attorney), for the defendant.

Mollison, Judge: The merchandise the subject of this appeal for reappraisement is described on the invoice as "Black Plastahide 36″ .0020 Gauge plain, not printed," and consists of sheet plastic goods. It was imported from Canada and invoiced at no charge to the importer. The invoice, however, carries the notation "This material sells at $1.08 per yard Canadian Funds for home consumption," and entry was made at a total value of United States $20, or a unit value of United States $1 per yard, packed. It was appraised at a unit value of Canadian $1.50 per yard, net, packed, on the basis of foreign value.

It is the contention of the plaintiff that at the time of exportation of the plastahide in question there existed no foreign value for such or similar merchandise within the meaning of that term, as defined in section 402 (c) of the Tariff Act of 1930, as amended (19 U. S. C. 1940 ed. § 1402 (c)), for the reason that "prices in Canada were controlled by the Canadian government and, therefore, not freely offered for sale in Canada within the meaning of the tariff act" (plaintiff's brief, p. 1). It is further contended that on or about the date of exportation of the plastahide in question "the exporter freely offered it for sale to all purchasers in the United States at a price of $1.08 per yard, Canadian currency" (plaintiff's brief, p. 2), and plaintiff therefore claims that the merchandise is properly dutiable on the basis of export value, as defined in section 402 (d) of the same act, at the equivalent of the entered value.

It was established at the trial by the testimony of the president of the manufacturing and exporting company that at the time of exportation of the plastahide here involved the price at which his company was permitted to sell such merchandise in Canada was fixed by the Wartime Prices and Trade Board, an agency of the Canadian Government, at Canadian $1.08 per square yard. Although the witness testified on direct examination that the Canadian $1.08 per square yard price was the price at which his firm freely offered such merchandise for sale "to anybody" in Canada as well as for exportation to the United States, irrespective of the quantity purchased, he contradicted himself on cross-examination by stating that the $1.08 price applied only to a certain class of customers, to wit, wholesalers and jobbers.

He also stated on cross-examination that wholesalers and jobbers in Canada were free to sell the same merchandise to other people, but he was not familiar with the price for which they sold the goods. Sales to the United States, he said, at the $1.08 price had no restriction as to the class of customer to whom the merchandise was sold.

On behalf of the defendant there was offered and received in evidence as defendant's exhibit 3 a report dated October 31, 1947, signed by E. J. Allen, treasury representative, and detailing an investigation made by him concerning the market value in Canada of plastahide of the description of that here in issue.

The report seems to corroborate the testimony of the plaintiff's witness that the manufacturer and exporter limited its sales for home consumption in Canada to wholesalers and jobbers, but it clearly indicates that the said manufacturer and exporter appointed LaFrance Textiles, Limited, of Woodstock, Ontario, as jobbers for such plastahide in the home market. It also clearly appears that LaFrance Textiles, Limited, freely offered such plastahide as that here involved in any quantity desired to any purchaser in the home market at the following sliding scale of prices:

36"−.020 Plastahide Approximately 70 yds per Roll

| Cut. (less than Roll) | Full Roll | 500 yards & up |
|---|---|---|
| $1.50 | $1.35 | $1.18 |

[Note—It is noted that the treasury representative's report refers to the merchandise as ".020 Plastahide" while the merchandise at bar is invoiced as ".0020 Gauge." In the testimony of plaintiff's witness the merchandise was identified as "20/1000 of an inch in thickness" and it is similarly identified in the treasury representative's report.]

The appraiser apparently found, and the report seems to corroborate such finding, that the major portion of sales in the home market was made in quantities of less than a roll and at the Canadian $1.50 price.

Since it was established that the manufacturer limited its sales in the home market at its level to wholesalers and jobbers, it is unnecessary to determine the effect of the fixing by the Canadian Government of a maximum price of Canadian $1.08 per square yard for sales by the manufacturer. Such a limitation of sales bars a finding of foreign value at the manufacturer's level. *United States* v. *H. W. Robinson & Co. et al.*, 19 C. C. P. A. 274, T. D. 45436.

However, there is nothing in the record to indicate that sales in the home market at the jobber's level were in any way restricted. Such a finding is implicit in the basis of value adopted by the appraiser, and is borne out by the report of the treasury representative, exhibit 3. The value found by the appraiser on the basis of foreign value not only stands uncontroverted, but is supported by the evidence in the record.

In these circumstances, even if it be assumed that the plaintiff succeeded in establishing an export value for the merchandise at the Canadian $1.08 per square yard price, the foreign value at Canadian $1.50 per square yard, being higher, must be taken as the value of the merchandise for duty purposes. Section 402 (a), Tariff Act of 1930.

On the record presented I therefore find:

(1) That the merchandise herein consists of a product known as plastahide exported from Canada on or about May 28, 1946.

(2) That at the time of exportation of the plastahide involved the manufacturer and exporter thereof limited its sales of such merchandise in the home market to a certain class of persons, to wit, wholesalers and jobbers.

(3) That at the time of exportation of the plastahide involved such merchandise was freely offered for sale for home consumption, at the jobber's level, to all purchasers in the principal markets of Canada, in the usual wholesale quantities, and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, at Canadian $1.50 per square yard, net, packed.

(4) That the price at the time of exportation of the plastahide involved at which such merchandise was freely offered for sale for exportation to the United States was no higher.

I therefore conclude as matters of law:

(1) That the proper basis of value for the plastahide in question is foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended.

(2) That such value is the appraised value.

Judgment will issue accordingly.